IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KA WAI YIP, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05910-MMC<br><br>**ORDER AFFORDING PLAINTIFF LEAVE TO FILE SUPPLEMENT TO APPLICATION FOR DEFAULT JUDGMENT; CONTINUING HEARING ON APPLICATION** |

Before the Court is plaintiff Scott Johnson's Application for Default Judgment, filed February 25, 2022. No response has been filed by defendants Ka Wai Yip, Tony Lam Nguyen, and Hankee Ii Restaurant, Inc. Having read and considered the papers filed in support of the motion, the Court, for the reasons stated below, will afford plaintiff leave to file a supplemental brief to address his claim for injunctive relief and, accordingly, will continue the hearing presently set for April 8, 2022.

In his complaint, plaintiff, a "California resident with physical disabilities" who "uses a wheelchair for mobility," alleges he visited, on four occasions, Kim Anh Spa, Han Kee Restaurant, and Pinoy Lechon BBQ & Grill, and, on those occasions, he encountered "barriers," such as a lack of "wheelchair accessible parking" and a lack of "wheelchair accessible bathrooms." (See Compl. ¶¶ 1, 12, 18-19.) Based on said allegations, plaintiff asserts two Causes of Action, titled, respectively, "Violation of the Americans with Disabilities Act" and "Violation of the Unruh Civil Rights Act."

In his application for default judgment, plaintiff seeks the following relief: (1) injunctive relief under the Americans With Disabilities Act ("ADA"); (2) damages under the Unruh Civil Rights Act; (3) an award of attorney's fees; and (4) an award of costs.

Although plaintiff, in his application, has provided sufficient information to enable the Court to rule on his claims for damages, for an award of attorney's fees, and for costs, plaintiff has not provided sufficient information to enable the Court to address his claim for injunctive relief.

An order granting an injunction must "state its terms specifically," see Fed. R. Civ. P. 65(d)(1)(B), and must "describe in reasonable detail . . . the act or acts restrained or required," see Fed. R. Civ. P. 65(d)(1)(C). Although plaintiff describes in his application the barriers identified in the Complaint, he fails to include within his application or the proposed order submitted therewith the specific language he is requesting be included in an injunction; i.e., he has failed to propose an injunction that, if issued, would comply with Rule 65(d). Moreover, to the extent plaintiff, by summarizing various regulations set forth in the "2010 Standards" (see, e.g., Pl.'s Mem. P. & A. at 13:14-17), implicitly requests the Court order defendants to comply, in some manner, with those regulations, plaintiff, in addition to not setting forth the particular language he may be proposing, has failed to show the 2010 Standards are applicable to his claims.[1]

Accordingly, plaintiff is hereby afforded leave to file, no later than April 22, 2022, a supplemental brief of no more than five pages, in which plaintiff sets forth, as to each

---

[1] The "2010 Standards," are the "Standards for Accessible Design" set forth in the Code of Federal Regulations. See Fortyune v. City of Lomita, 766 F.3d 1098, 1103 (9th Cir. 2014). Those standards, however, apply to "new construction and alterations" occurring "[o]n or after March 15, 2012." See 28 C.F.R. § 36.406(a), Appendix. Plaintiff neither alleges in the Complaint nor offers evidence to establish the structure in which the businesses at issue operate was constructed or altered on or after March 15, 2012, or, for that matter, on a date to which the earlier-promulgated 1991 Standards apply. See id. (providing "1991 Standards" apply to "new construction and alterations" occurring "[o]n or after January 26, 1993 and before September 15, 2010"; further providing "1991 Standards or 2010 Standards" apply to "new construction and alterations" occurring "[o]n or before September 15, 2010 and before March 15, 2012"). Where neither the 1991 Standards nor the 2010 Standards apply, a defendant is "subject to the least restrictive requirements for public accommodations," namely, that such defendant must "remove architectural barriers where such removal is readily achievable." See Ghadiri v. Hayward Liquor & Grocery, 2021 WL 4980071, at *5-6 (N.D. Cal. June 15, 2021 (internal quotation, alteration, and citation omitted); Strong v. Valdez Fine Foods, 724 F.3d 1042, 1047 (9th Cir. 2013) (observing "readily achievable standard" applies to "buildings constructed prior to January 26, 1993") (internal quotation, emphasis, and citation omitted)).

1   alleged barrier identified in the Complaint for which he seeks injunctive relief, the specific
2   language he proposes be included in an order granting injunctive relief, as well as any
3   further argument setting forth his entitlement to injunctive relief.
4        In light thereof, the hearing on plaintiff's application is hereby CONTINUED from
5   April 8, 2022, to May 13, 2022, at 9:00 a.m.
6        **IT IS SO ORDERED.**

8   Dated: April 5, 2022

                                         MAXINE M. CHESNEY
                                         United States District Judge