IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>   v.<br><br>FONG LO, KA WAI YIP, TONY LAM NGUYEN, and HANKEE Ii RESTAURANT, INC.,<br><br>            Defendants. | Case No. 21-cv-05910-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT; DIRECTIONS TO CLERK; VACATING HEARING** |

Before the Court is plaintiff Scott Johnson's ("Johnson") Application for Default Judgment, filed and served February 25, 2022, by which said defendant seeks default judgment against defendants Ka Wai Yip ("Yip"), Tony Lam Nguyen ("Nguyen"), and Hankee Ii Restaurant, Inc. ("Hankee Ii").  No response has been filed.  The Court, having read and considered the papers filed in support of the Application, deems the matter suitable for determination thereon, VACATES the hearing scheduled for May 13, 2022, and rules as follows.

In his Complaint, Johnson, a "California resident with physical disabilities" who "uses a wheelchair for mobility," alleges he visited, on four occasions, Kim Anh Spa, Han Kee Restaurant, and Pinoy Lechon BBQ & Grill, businesses located adjacent to one another on Tully Road in San Jose, California.  (See Compl. ¶¶ 1, 2, 12.)  According to Johnson, Kim Anh Spa is owed by defendant Nguyen (see Compl. ¶¶ 4-5), Han Kee Restaurant is owned by defendant Hankee Ii (see Compl. ¶¶ 6-7), and all three businesses he visited are located on real property owned by former defendant Fong Lo

(see Compl. ¶¶ 2-3).[1]  Johnson alleges that, on the dates he visited the above-referenced businesses, he encountered "barriers," such as a lack of "wheelchair accessible parking" and a lack of "wheelchair accessible bathrooms."  (See Compl. ¶¶ 18-19.)  Based thereon, Johnson asserts two Causes of Action, titled, respectively, "Violation of the Americans with Disabilities Act" and "Violation of the Unruh Civil Rights Act."

Upon entry of default, the factual allegations in a complaint, other than those pertaining to the amount of damages, are "taken as true."  See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).  Here, the Court, having assumed as true the factual allegations in the Complaint, finds Nguyen, as owner of Kim Anh Spa, and Hankee Ii, as owner of Han Kee Restaurant, violated the Americans with Disabilities Act ("ADA") (see Compl. ¶¶ 1, 12-16, 20-21, 25-26, 30-31, 36, 45-46, 49-53), and, consequently, the Unruh Civil Rights Act ("Unruh Act"), see Cal. Civ. Code § 51(f) (providing "[a] violation of the right of any individual under the [ADA] shall also constitute a violation of [the Unruh Act]").  As to Yip, however, the Court finds Johnson has not established a violation of the ADA or the Unruh Act, as the Complaint includes no factual allegations as to said defendant, let alone factual allegations sufficient to support a finding that Yip violated the ADA or the Unruh Act.  See Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267-68 (9th Cir 1992) (reversing default judgment where plaintiff failed to allege facts sufficient to state a cognizable claim against defendant).

The Court next considers Johnson's requests for relief as they pertain to Nguyen and Hankee Ii, specifically, his requests for (1) injunctive relief under the ADA, (2) damages under the Unruh Act (3) an award of attorney's fees under either the ADA or the Unruh Act, and (4) an award of costs and expenses under the ADA.

First, with respect to injunctive relief under the ADA, the Court, by order filed April 5, 2022, found Johnson had failed to establish his entitlement to such relief, but afforded

---

[1] By order filed January 14, 2022, Johnson's claims against Fong Lo were dismissed for failure to effectuate timely service.

him leave to file a supplemental brief for purposes of identifying the specific injunctive relief sought and, to the extent his request was based on requirements set forth the "2010 Standards," establishing their applicability to the three remaining defendants.[2] In response, Johnson filed a supplemental brief identifying the specific injunctive relief sought and stating he sought such relief solely based on requirements contained in the 2010 Standards; Johnson failed, however, to address in any manner how those Standards apply to any defendant. Accordingly, to the extent Johnson seeks injunctive relief, the Application will be denied.

Next, with respect to the request for damages under the Unruh Act, the Court finds, for the reasons stated in the Application (see Pl.'s Appl. 20:4-23, 22:23-23:12), Johnson is entitled to a monetary award of $4,000 as against Nguyen and a monetary award of $4,000 as against Hankee Ii. See Cal. Civ. Code § 52(a) (providing defendant who violates Unruh Acct is liable for "actual damages that may be determined . . . but in no case less than four thousand dollars ($4,000)").

With respect to attorney's fees, the Court finds Johnson is entitled under the Unruh Act to an award in the amount he seeks, specifically, $2,525, the hourly rates requested and the number of hours expended on the matter being reasonable. See id. (providing defendant who violates Unruh Act is liable for "any attorney's fees that may be determined by the court").

Lastly, Johnson's request for an award of "litigation expenses and costs" under the ADA (see Pl.'s Appl. at 31:3-8) will be denied, as Johnson has not shown he is entitled to relief under the ADA, and, consequently, is not a prevailing party as to his ADA claim. See, e.g., Midgett v. Tri-County Metropolitan Transportation Dist., 254 F.3d 846, 851-52 (9th Cir. 2001) (affirming summary judgment in favor of defendant where plaintiff failed to

---

[2] As explained in greater detail in the Court's Order of April 5, 2022, the federal regulations comprising the 2010 Standards only apply to buildings constructed or altered on or after March 15, 2010, and the Complaint includes no factual allegations to support a finding that the buildings Johnson visited had been constructed or altered on or after March 15, 2010.

establish entitlement to any remedy under ADA).  As Johnson is the prevailing party against defendants Nguyen and Hankee Ii on his claim under the Unruh Act, however, Johnson may file with the Clerk of Court a bill of costs to recover his taxable costs.  See Civil L.R. 54-1(a).

## CONCLUSION

For the reasons stated, Johnson's Application for Default Judgment is GRANTED in part and DENIED in part, as follows:

1. To the extent Johnson seeks, as against Nguyen and Hankee Ii, an award of damages under the Unruh Act, the Application is hereby GRANTED, and Johnson is awarded the sum of $4,000 as against Nguyen, and the sum of $4,000 as against Hankee Ii.

2. To the extent Johnson seeks, as against Nguyen and Hankee Ii, an award of attorney fees under the Unruh Act, the Application is hereby GRANTED, and Johnson is awarded the sum of $2,525, jointly and severally, as against Nguyen and Hankee Ii

3. In all other respects, the Application is hereby DENIED.

The Clerk of Court is DIRECTED to enter judgment in conformity with the above.

**IT IS SO ORDERED.**

Dated: May 9, 2022

MAXINE M. CHESNEY
United States District Judge